TED WEIRICH *v.* STATE OF INDIANA.

[No. 1271S375. Filed October 12, 1973.]

*Don A. Tabbert, Robert B. Keene, Sparrenburger, Duvall, Tabbert & Lally,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.*—On December 8, 1970, defendant-appellant was indicted for first degree murder in the stabbing death of his mother. He filed his defense of insanity on February 1, 1971, pleading that at the time of the offense, "his mind was so affected as a result of mental disease or defect that he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct" to law. The jury returned its verdict on April 14, 1971, as follows:

> "We, the Jury, find the defendant, Ted Weirich, committed the act as charged in the indictment, but the defendant was insane at the time of the commission of the act and that, therefore, the defendant is not guilty of said offense, because he was insane at the time of the commission of the act."

Following the trial, on April 28, 1971, the trial court held a hearing on the question of whether defendant was sane at the time of trial pursuant to IC 1971, 35-5-3-1; Ind. Ann. Stat. § 9-1704a (1971 Supp.):

---

* This case was transferred and re-assigned to this office on June 27, 1973.

*"9-1704a. Commitment to the department of mental health.*
—If, in any criminal action, the court or jury trying the
cause finds the defendant not guilty on the ground of in-
sanity, the court shall find as to the defendant's sanity
at the time of the trial, and if the court shall find that
the defendant is insane at the time of the trial, he shall
order the defendant committed to the department of mental
health, to be confined by the department in an appropriate
psychiatric institution; or if he shall find that the defendant
is sane at the time of trial, but the recurrence of such an
attack of insanity highly probable, he shall order the
defendant committed as above provided. Such person shall
be committed to the department of mental health until
released as hereinafter provided. [Acts 1951, ch. 238, § 1,
p. 682; 1961, ch. 151, § 1, p. 329; 1967, ch. 291, § 1, p. 946.]

The evidence offered at the hearing consisted of testimony
from three psychiatrists. Two of the doctors testified that in
their opinion the appellant was sane at the time of the trial;
the third expert, Dr. Smith, gave his opinion to the contrary.
The trial court found that the appellant was insane at
the time of the trial and ordered him committed for con-
finement at a psychiatric institution until released as provided
by law.

This Court has held that the statute under which defendant-
appellant has been committed [IC 1971, 35-5-3-1; Ind. Ann.
Stat. § 9-1704(a) (1971 Supp.)] is unconstitutional.
*Wilson* v. *State* (1972), 259 Ind. 375, 287 N. E. 2d
875. Therefore, we must reverse the judgment of
the trial court by reason of the unconstitutionality of the
statute and order the appellant's discharge subject to pro-
ceedings, if any, that may be then pending under the civil
commitment statutes.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 301 N E. 2d 755.